IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WRITE START EARLY
CHRISTIAN EDUCATION
CENTER, LLC,

    Plaintiff,

    v.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendant.

:
:
:
:
:

Case No. 3:19-cv-141

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT NATIONAL FIRE
& MARINE INSURANCE COMPANY'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)
(DOC. #4); OVERRULING AS FUTILE PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT (DOC. #13); JUDGMENT
TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF;
TERMINATION ENTRY

---

Plaintiff, Write Start Early Christian Education Center, LLC ("Write Start"), filed suit against its insurer, National Fire & Marine Insurance Company ("NFMIC"), asserting a claim of breach of contract and seeking a declaratory judgment concerning policy coverage. NFMIC has filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #4. Write Start has filed a Motion for Leave to File Amended Complaint. Doc. #13.

I.  Background and Procedural History

On May 11, 2016, thieves broke into property owned by Write Start. In addition to stealing numerous items, they extensively vandalized the building and caused extensive water damage. Repairs were estimated to cost $85,697.24. Doc. #2-1. On June 17, 2016, Write Start filed a claim with its insurance company, NFMIC. On July 21, 2016, NFMIC issued a partial denial of coverage.

Under the terms of the policy, "Vandalism," defined as "willful and malicious damage to, or destruction of, the described property," is a "Covered Cause of Loss." Nevertheless, the policy excludes coverage for "loss or damage caused by or resulting from theft, except for building damage caused by the breaking in or exiting of burglars." Doc. #4-2, PageID#123. NFMIC determined that nearly all of the building damage was caused by or resulting from theft; it therefore agreed to cover only about $3,900.00 of the claimed loss.

On April 12, 2019, Write Start filed suit in state court against NFMIC, asserting a claim of breach of contract, and seeking a declaratory judgment concerning coverage under the policy. Doc. #2. NFMIC removed the case to federal court and filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #4. NFMIC argues that Write Start's claims are barred by the provision in the insurance policy requiring all legal actions to be "brought within 2 years after the date on which the direct physical loss or damage occurred." Doc. #4-2, PageID#129. Given that the physical damage in this case occurred on May

2

11, 2016, and Write Start did not file suit until April 12, 2019, NFMIC argues that the suit is time barred.

Write Start concedes that the suit was not filed within the 2-year time period. It argues, however, that NFMIC waived its ability to rely on the limitation-of-action clause when it continued negotiating with Write Start and held out a reasonable hope of future adjustment until October of 2018, when it re-affirmed the initial claim decision. Doc. #12. In the alternative, Write Start argues that, if additional facts need to be pled to support this theory, it should be permitted to file an Amended Complaint. In conjunction with that request, Write Start has filed a Motion for Leave to File Amended Complaint. Doc. #13. The proposed Amended Complaint states that Write Start resubmitted its claim to NFMIC and, "[i]n a course of subsequent correspondence, [NFMIC] continued negotiating with Plaintiff Write Start, causing Plaintiff to hold out hope of future adjustment" until the final denial of the claim. Doc. #13-1, PageID#173.

NFMIC then filed its Reply in support of its Motion to Dismiss, Doc. #15, arguing again that the original Complaint, as pled, fails to state a claim upon which relief can be granted, given that it contains no allegations of any negotiations beyond the July 21, 2016, claim denial.

NFMIC also filed its Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint, Doc. #14. Attached to the Response is the "subsequent correspondence" referred to in the proposed Amended Complaint. This included: (1) Write Start's March 1, 2018, letter, which provided new information

3

concerning the claim and sought reconsideration of the partial claim denial, Doc. #14-3; (2) NFMIC's March 14, 2018, response letter, Doc. #14-4; (3) NFMIC's June 21, 2018, letter, Doc. #14-5; and (4) NFMIC's October 1, 2018, letter reaffirming the July 21, 2016, partial claim denial, Doc. #14-6.

NFMIC argues that the proposed amendments to Write Start's Complaint would be futile because this "subsequent correspondence" contained an express reservation of rights. The March 14, 2018, letter stated:

> Please be advised that by agreeing to review and consider new information, including the matters set forth in your letter, NFMIC is expressly reserving all of its rights and defenses under the policy, the law or otherwise, *including the contractual period of limitations set forth in the policy*, all of which rights and defenses are expressly reserved herein without qualification or limitation.

Doc. #14-4, PageID#204 (emphasis added). The June 21, 2018, letter again states that "NFMIC agreed to review the new information under a full Reservation of Rights without any waiver of any rights and defenses under the policy." Doc. #14-5, PageID#206. The October 1, 2018, letter also makes multiple references to this "reservation of rights." Doc. #14-6, PageID##216, 221. NFMIC contends that this express reservation of rights negates any claim of an alleged waiver.

In its Reply, Doc. #16, Write Start objects to the consideration of these documents, which are matters outside the pleadings. It argues that, if the Court considers this course of correspondence, it must convert the motion into a motion for summary judgment and give the parties a reasonable opportunity to present additional material. Fed. R. Civ. P. 12(d). Write Start further argues that, even if

4

the Court considers these documents, it should reject NFMIC's argument that the express reservation of rights negates any claim of waiver.

II.     NFMIC's Motion to Dismiss (Doc. #4)

The Court turns first to NFMIC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. #4.

### A.     Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as

true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

**B.    Analysis**

As previously noted, NFMIC argues that Write Start's Complaint, as currently pled, must be dismissed as time-barred because it was filed more than two years "after the date on which the direct physical loss or damage occurred." Doc. #4-2, PageID#129. Accordingly, under the terms of the Policy, it is untimely.

Write Start concedes that the Complaint was untimely filed. It argues, however, that NMFIC should be deemed to have waived the Policy's limitation-of-action provision by holding out a reasonable hope of adjustment past the limitation

6

period. *See Hounshell v. Am. States Ins. Co.*, 67 Ohio St. 2d 427, 424 N.E.2d 311 (1981), syl. ("An insurance company may be held to have waived a limitation of action clause . . . by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired.").

NFMIC correctly points out, however, that there are absolutely no facts alleged in the original Complaint to support any such claim of waiver. The Complaint, as pled, is therefore time-barred on its face. As such, the Court finds that it is subject to dismissal under Fed. R. Civ. P. 12(b)(6). Accordingly, the Court SUSTAINS NFMIC's Motion to Dismiss, Doc. #4. The next question is whether Write Start should be granted leave to file an Amended Complaint to cure this defect.

III. **Write Start's Motion for Leave to File Amended Complaint (Doc. #13)**

A. **Fed. R. Civ. P. 15(a)(2)**

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend a pleading "when justice so requires." However, leave need not be given if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment" or if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

7

An amendment is futile if it would not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In this case, NFMIC argues that the proposed amendment would be futile because not only did NFMIC not engage in negotiations or make any further settlement offers, but also the express reservation of rights contained in numerous letters sent to Write Start negates any claim of waiver.

B.   **Consideration of Matters Outside the Pleadings**

As previously noted, NFMIC attached numerous documents to its Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint. Write Start objects to the Court's consideration of these matters outside the pleadings.

The Sixth Circuit has held:

> Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Id.*
> However, a court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett*, 528 F.3d at 430.

*Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011).

Given that a proposed amended complaint is deemed futile if it would not survive a

8

motion to dismiss, *Rondigo* logically also governs the question of what materials may be considered in deciding whether a proposed amendment would be futile.

Paragraph 10 of the proposed Amended Complaint refers to the July 21, 2016, Partial Denial of Coverage letter. Paragraph 15 of the Amended Complaint refers to "a course of subsequent correspondence" in which NFMIC continued "negotiating with Plaintiff Write Start, causing Plaintiff to hold out hope of future adjustment." This fairly encompasses the March 1st, March 14th, and June 21st letters. Paragraph 16 states that NFMIC continued negotiating until October of 2018. This fairly encompasses NFMIC's October 1, 2018, final denial letter.

Based on the foregoing, the Court finds that these documents are referred to in the proposed Amended Complaint. Moreover, they are clearly central to the claims contained therein. In fact, this "course of subsequent correspondence" is the bedrock on which Write Start's waiver claim rests. Accordingly, the Court may consider all of these documents in ruling on the pending Motion for Leave to File Amended Complaint.

C. **Analysis**

As previously noted, the Supreme Court of Ohio has held that an insurance company may be found to have waived a policy's limitation-of-action clause by "acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired." *Hounshell*, 67 Ohio St. 2d at 427, 424 N.E.2d at 311, syl. *See also Dominish v. Nationwide Ins.*

9

*Co.*, 129 Ohio St. 3d 466, 2011-Ohio-4102, 953 N.E.2d 820, at ¶10 (holding that waiver may be found if the insurance company "either recognized liability or held out reasonable hope of adjustment and by doing so, induced the insured to delay filing a lawsuit until after the contractual period of limitation expired.").

Write Start's proposed Amended Complaint does allege that NFMIC continued to hold out reasonable hope of adjustment until October of 2018 "past the date when the period of limitation had expired." Doc. #13-1, PageID##173-74. NFMIC argues, however, that this is not enough to survive a motion to dismiss.

NFMIC maintains that the course of correspondence, referred to in the proposed Amended Complaint, shows that, although NFMIC agreed to re-examine the claim, it did not engage in further negotiations and made no further offers of settlement. Moreover, NFMIC agreed to re-examine the claim under an express reservation of rights, including the limitation-of-action provision. NFMIC argues that this reservation of rights negates any claim of waiver.

The Court agrees that, even viewing the proposed Amended Complaint in the light most favorable to Write Start, it fails to state a plausible claim for relief, rendering the proposed amendment futile. As NFMIC notes, "waiver is a voluntary relinquishment of a known right." *Chubb v. Ohio Bureau of Workers' Comp.*, 81 Ohio St. 3d 275, 278, 690 N.E.2d 1267 (1998). Accordingly, when an insurer expressly reserves its right to rely on a particular policy provision, it cannot also be deemed to have waived that right. *See Gourmet Café v. Travelers Indem. Co. of*

10

*Am.*, No. 5:01cv2658, 2003 WL 27381210, at *11 (N.D. Ohio June 10, 2003) ("Reservation of rights letters allow an insurance company to investigate a claim to determine whether coverage is proper without waiving policy conditions.").

Several courts have applied this rule to reject claims of waiver. *See, e.g., Dominish*, 2011-Ohio-4102, at ¶17 (holding that an insurer that asserted a reservation of rights, including the limitation-of-action clause, in all correspondence with the insured regarding a partially disputed claim did not waive its right to enforce that clause); *Efficient Lighting Sales Co. v. Neverman*, 8th Dist. Nos. 91093, 91122, 2009-Ohio-627, ¶ 26 (holding that when an insurer provides a defense under a reservation of rights, "estoppel and waiver may not be asserted").

Based on the foregoing, the Court finds that the proposed Amended Complaint does not set forth facts that establish a plausible claim that NFMIC waived its right to enforce the limitation-of-action clause in the insurance policy. Accordingly, the proposed amendment is futile in that it is insufficient to overcome the limitation-of-action defense. The Court therefore OVERRULES Write Start's Motion for Leave to File Amended Complaint, Doc. #13.

## IV.  Conclusion

The Court finds that Write Start's claims, as pled in the Complaint, are time-barred. Accordingly, the Court SUSTAINS Defendant National Fire & Marine Insurance Company's Motion to Dismiss, Doc. #4. The Court further finds that

Write Start's proposed amendment would be futile. Accordingly, the Court OVERRULES Write Start's Motion for Leave to File Amended Complaint, Doc. #13.

Judgment shall be entered in favor of Defendant and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 23, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE